IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| TERRY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-CV-417-W-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING ATTORNEY'S FEES

Plaintiff filed this action to challenge an adverse benefits determination by Defendant. Defendant filed a motion asking the Court to reverse the decision of its administrative law judge and remand for further consideration. The Court granted the motion and remanded. On remand, Defendant issued a fully favorable decision to Plaintiff. The Court then awarded Plaintiff $6,100.00 in Equal Access to Justice Act fees, based on an hourly rate of $189.25.

Now before the Court is a motion for attorney's fees filed by Plaintiff's attorney, James H. Green ("Counsel") (Doc. 25). Counsel spent 34.5 hours on Plaintiff's case, and requests fees of $23,856.00. Defendant does not oppose Counsel's request. After independently assessing the record, the Court finds that Counsel's fee request is unreasonable.

Under the Social Security Act, a court that renders a judgment favorable to a Title II claimant may award reasonable attorney's fees not to exceed 25% of the total of the past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A). The court must then ensure that the requested fee amount is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The court should consider "the character of the representation and the results the representative achieved"—for example, whether the attorney is responsible for any delay. *Id.* at 808. A court must also

consider whether "the benefits are large in comparison to the amount of time counsel spent on the case," in which case "a downward adjustment is . . . in order," lest the attorney obtain a "windfall[]." *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989)). One test of reasonableness is to divide the operational hourly rate by 2.8, a constant designed to reflect the substantial risk of loss faced by attorneys practicing Social Security disability law. *See Whitehead v. Barnhart*, No. 01-0095-CV-SW, 2006 WL 910004, at *2 (W.D. Mo. Apr. 7, 2006).[1] When there is an award of attorney's fees under both Section 406(b) and the EAJA, then the plaintiff's attorney must refund to the client the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796.

Here, Plaintiff recovered $119,824.00 in past-due benefits. Counsel requests $23,856.00: 25% of $119,824.00, less the $6,000.00 that Defendant has already paid him. The issue is whether this $23,856.00 figure is reasonable. The Court finds it is not. The Court appreciates the risk Counsel assumed in agreeing to represent Plaintiff, and Plaintiff did recover a large amount of past-due benefits. However, the legal issues in this case were not proportionally more complex. Similarly, this case was not factually complicated, yielding a record of only average length. Because the case was relatively simply, Plaintiff's brief in support of remand is largely boilerplate. After reviewing Counsel's work product and qualifications, the Court finds that an award of $23,856.00 would constitute a windfall, and so denies Counsel's motion to award that sum. *See id.* at 808.

The Court reaches the same conclusion applying the *Whitehead* statistical risk methodology. Considering the 34.5 hours worked, Counsel essentially charged an hourly rate of

---

[1] In *Whitehead*, Plaintiff's counsel argued that based on statistics used in *Gisbrecht* a plaintiff has about a 36% chance of establishing entitlement to benefits after filing suit. Thus, an attorney should charge a winning client a contingent fee that is 2.8 times (100% ÷ 36%) larger than the fee he charges a client paying on a non-contingent basis to offset for the lack of compensation in cases he loses. The *Whitehead* court agreed that 2.8 was a reasonable factor.

2

$691.48. Dividing by a factor of 2.8, the equivalent hourly rate is about $246.96. The Court previously held that $261.74 was an unreasonably high hourly rate for Social Security work. *Teel v. Colvin*, No. 12-CV-3437-S-DGK-SSA, 2014 WL 4185725, at *1 (W.D. Mo. Aug. 22, 2014). On the other hand, the Court has deemed $189.25 to be an appropriate hourly rate in this case. *See Whitehead*, 2006 WL 910004, at *2 (awarding § 406(b) fees where the de facto hourly rate was only $133.27). Therefore, the Court finds that a functional rate of $246.96 is unreasonably high.

Rather, the Court finds that $18,281.55 is a reasonable award of attorney's fees in this case. To reach this amount, the Court uses as a guide the $189.25 higher EAJA hourly rate, which is then multiplied by the hours worked, 34.5, and the *Whitehead* factor, 2.8. *See Teel*, 2014 WL 4185725, at *2 (adopting this approach to cut a § 406(b) fee request); *Burton v. Astrue*, No. 07-CV-0231-W-DGK-SSA, 2011 WL 5117655, at *1 (W.D. Mo. Oct. 26, 2011) (same). This amount adequately compensates Counsel for the work he has performed in this case and for the difficulty of that work.

Accordingly, Counsel's motion (Doc. 25) is GRANTED IN PART. The Court approves a fee award of $18,281.55 pursuant to 42 U.S.C. § 406(b)(1)(A). Counsel shall refund the Equal Access to Justice Act award of $6,100.00 to Plaintiff, pursuant to the Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 183, 186, and the agreement of Counsel.

**IT IS SO ORDERED.**

Dated:  June 3, 2016                           /s/ Greg Kays  
                                                                    GREG KAYS, CHIEF JUDGE  
                                                                    UNITED STATES DISTRICT COURT